UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                              )
GLORIA HUERTAS,               )
                              )
      Plaintiff,              )
                              )
            v.                )  Civil Action No. 05-627 (RWR)(AK)
                              )
THE KINGDOM OF SPAIN et al.,  )
                              )
      Defendants.             )
_____)
```

MEMORANDUM OPINION

Plaintiff Gloria Huertas sued Jose Alepuz and the Kingdom of Spain, seeking a declaration of her ownership interest in a house located in the District of Columbia that was purchased by Alepuz, seeking back rent payments for that house from the Kingdom of Spain, and alleging that fraud by Alepuz caused Spain to stop paying the rent. Alepuz moved to dismiss the complaint on the ground of forum non conveniens. The Kingdom of Spain filed a claim in interpleader against the other two parties and asked that it be allowed to pay rent to the clerk of this court until the marital property dispute is decided. Magistrate Judge Alan Kay recommended granting Alepuz's motion to dismiss for forum non conveniens and dismissing or staying the claim against the Kingdom of Spain. Because a divorce action between Huertas and Alepuz involving property distribution is pending in Spain, Spain is a more appropriate forum for this dispute. The magistrate

- 2 -

judge's Report and Recommendation will be adopted and Alepuz's
motion to dismiss the claims against him for forum non conveniens
will be granted.  Huertas's claim against the Kingdom of Spain
will be stayed pending resolution by the Spanish Court of the
issue of the distribution of marital assets.

BACKGROUND

Gloria Huertas and Jose Alepuz are foreign nationals who
were married in Washington, D.C. in 2000.  (Compl. ¶ 8.)  In
April 2002, Alepuz purchased a house on Hillandale Court, N.W. in
Washington, D.C. ("the Hillandale house").  (Compl. ¶ 9.)  The
deed to the house lists Alepuz as the "sole owner."  (Compl., Ex.
A, Special Warranty Deed for the Hillandale House.)  In October
2002, the Kingdom of Spain leased the Hillandale house from
Huertas, who was identified in the lease as the landlord, for a
period starting November 1, 2002, and ending July 31, 2007 with
monthly rent payments of $5,300 to be paid to Huertas.  (Compl.,
Ex. B, Lease Agreement for the Hillandale House.)  Both Huertas
and Alepuz currently live in Madrid, Spain.  (Alepuz's Mot. to
Dismiss for Forum Non Conveniens, Ex. A, Alepuz Decl. ("Alepuz
Decl.") ¶ 6, July 7, 2005.)

In September 2004, Huertas filed for divorce in the Spanish
Court of First Instance, a court in Spain with jurisdiction to
hear family issues such as "separation, divorce, liquidation of
the marital regime, custody and alimony."  (Alepuz Decl. ¶¶ 7-8.)

- 3 -

In February 2005, the Spanish Court of First Instance dissolved the marriage, decided the child custody dispute, and dismissed Huertas's claims regarding alimony, ownership of the Hillandale house and an inventory of the marital property, noting that these claims would be addressed in future proceedings.  (Alepuz Decl. ¶ 12.)

Huertas filed a complaint in this court in March 2005, alleging that she "provided in large measure" the money to purchase the Hillandale house and that Alepuz tampered with the deed to omit her name, and that, in October 2004, Alepuz fraudulently represented to the Kingdom of Spain that it did not have to continue to pay Huertas rent.  (Compl. ¶¶ 9, 10, 13.) Upon learning of the dispute regarding to whom the rent for the Hillandale house should be paid, the Kingdom of Spain stopped paying rent to Huertas, not knowing to whom the rent should properly be paid.  (Kingdom of Spain's Answer at 6.)  Huertas claims fraud against Alepuz, seeks a declaration that she is entitled to a minimum fifty percent interest in the Hillandale house "under the agreement of the parties and the applicable domestic relation laws," and seeks back rent from the Kingdom of Spain.  (Compl. ¶¶ 10, 13, 15, 17.)  Alepuz moved to dismiss alleging forum non conveniens.  Magistrate Judge Kay issued a Report and Recommendation in December 2005, finding that Spain was the more appropriate forum for Huertas's claims against

- 4 -

Alepuz and recommending that Huertas's claim against the Kingdom of Spain be transferred to the court in Spain or stayed until the Spanish Court resolves the marital property claims.  (Report and Recommendation ("R&R") at 11 n.10, 12.)  Huertas objected to the R&R, and the Kingdom of Spain filed a response to the objection requesting that the recommendation to stay this action pending resolution of the marital action in Spain be adopted.

## DISCUSSION

A magistrate judge's findings and recommendations to which a party objects involving a dispositive motion are reviewed de novo.  28 U.S.C. § 636(b)(1); see Landry v. F.D.I.C., 204 F.3d 1125, 1143 (D.C. Cir. 2000).

## I.   FORUM NON CONVENIENS

"The doctrine of forum non conveniens permits a court to dismiss an action over which it has jurisdiction when there is an adequate alternative forum in which the case can be more conveniently heard."  BPA Int'l, Inc. v. Kingdom of Sweden, 281 F. Supp. 2d 73, 84-85 (D.D.C. 2003) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947)).  "A court first determines whether there is an adequate alternative forum and, if so, then proceeds to balance both private interest factors and public interest factors in favor of the respective forums."  Jackson v. American University, in Cairo, 52 Fed. Appx. 518, 518 (D.C. Cir. 2002) (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241, 255-61

(1981)).  "If the balance favors the foreign forum, and if the Court is convinced that plaintiff effectively can bring its case in the alternative forum, the Court *may* dismiss the case on grounds of forum non conveniens."  KPMG Fin. Advisory Servs. Ltd. v. Diligence LLC, Civ. Action No. 05-2204, 2006 WL 335768, at *1 (D.D.C. Feb. 14, 2006) (citing Pain v. United Techs. Corp., 637 F.2d 775, 785-86 (D.C. Cir. 1980)).  "The defendant has the burden on all aspects of a motion to dismiss on forum non conveniens grounds, including the obligation to establish as a prerequisite that an adequate alternative forum exists."  Id.

To determine whether an adequate alternative forum exists, a court must inquire "whether the defendant is amenable to process in the foreign jurisdiction."  Friends for All Children v. Lockheed Aircraft Corp., 717 F.2d 602, 607 (D.C. Cir. 1983).  In rare cases, the alternative forum may be inadequate because "the remedy offered by the other forum is clearly unsatisfactory."  Reyno, 454 U.S. at 255 n.22; see Nemariam v. Fed. Democratic Republic of Ethiopia, 315 F.3d 390, 395 (D.C. Cir. 2003) (reversing dismissal for forum non conveniens because plaintiff lacked a personal right to any remedy the alternative forum could provide and that remedy could be reduced by competing claims). However, a remedy will not be considered inadequate merely because the plaintiff's potential award will be smaller.  Reyno,

454 U.S. at 247;  In Re Disaster at Riyadh Airport, 540 F. Supp. 1141, 1145 (D.D.C. 1982).

In considering the factors in favor of the respective forums, private factors a court must balance include the ease of access to proof, the availability of compulsory process to obtain the attendance of hostile witnesses, costs of transporting witnesses, and other expenses or inefficiencies.  Reyno, 454 U.S. at 241 n.6.  Public factors to consider include the desirability of clearing foreign controversies from congested dockets, the extent of any local interest in the dispute, the ease with which the present forum will be able to apply foreign law, avoiding unnecessary problems with the conflict of laws, and the burden to the local jury pool in hearing a foreign controversy.  Id.  The decision to dismiss a case based on forum non conveniens is committed to the sound discretion of the trial court.  Reyno, 454 U.S. at 257.

    A.    Adequate alternative forum

Alepuz argues that Spain is an adequate alternative forum for the claims against him because he and Huertas are Spanish residents, Huertas chose the Spanish courts in which to pursue the divorce, and Huertas's claim of interest in the Hillandale house, including her allegations of fraud, can be raised in the Spanish Court.  (Alepuz's Mot. to Dismiss for Forum Non Conveniens at 8.)  Huertas counters that she has not raised the

- 7 -

claim of fraud in the Spanish Court, and that the Spanish Court has no jurisdiction to reform a deed to real property located in the District of Columbia.  (Huertas's Opp'n to Alepuz's Mot. to Dismiss for Forum Non Conveniens at 3-4.)

Spain presents an adequate alternative forum.  Alepuz is amenable to process there, as he is already a party in the ongoing divorce proceedings in the Spanish Court.  Moreover, this is not one of those rare cases where the alternative forum offers a remedy that is clearly unsatisfactory.  According to Alepuz, the secretary of the Spanish Court of First Instance will compile a list of the couple's marital assets and then hold a trial to resolve disputes over ownership.  (Alepuz Decl. ¶ 16.)  Huertas does not dispute this claim, nor does she contend that a Spanish judgment would be unenforceable in the United States.[1]  While the Spanish Court cannot directly change the deed to the Hillandale house, that matters little since it will ultimately determine the distribution of the ownership rights to the property and the back

---

[1] It is well-settled that a foreign judgment will be enforced if there is proper service and the original claim does not violate American public policy.  See, e.g., Tahan v. Hodgson, 662 F.2d 862, 864 (D.C. Cir. 1981) (citing Hilton v. Guyot, 159 U.S. 113 (1895)).  Nothing here threatens to violate that principle.

- 8 -

rent, and order the parties to effectuate its decree.[2]  <u>See</u>
<u>Argent v. Argent</u>, 396 F.2d 695, 697-98 (D.C. Cir. 1968).

     B.   <u>Private factors</u>

     Alepuz argues that private factors favor dismissal because
the primary evidence necessary to resolve this case will be the
oral testimony of Huertas and Alepuz, who both reside in Spain,
and agents of the Kingdom of Spain whose identities and locations
are not revealed in the complaint.  (Alepuz's Mot. to Dismiss for
Forum Non Conveniens at 9-10.)  He asserts that allowing the case
to proceed here will result in the cost and burden of
transatlantic travel for the primary witnesses.  (<u>Id.</u> at 10.)
Huertas asserts that the Spanish agents to whom Alepuz allegedly
made misrepresentations, the closing agent for the purchase of
the Hillandale house, and the deed to the property are all
located in the District of Columbia.  (Huertas's Opp'n to
Alepuz's Mot. to Dismiss for Forum Non Conveniens at 3.)

     On balance, the private factors favor tilt toward the
Spanish forum regarding the two claims in this case against
Alepuz.  Huertas and Alepuz are the two central witnesses
regarding their intentions or arrangements regarding title to the

---

    [2] The parties disagree over whether Huertas raised the issue
of fraud by Alepuz in the Spanish proceedings.  That is of no
moment.  Dismissal under the doctrine of forum non conveniens
requires the availability of another adequate forum; it does not
require that the parties already be litigating the disputed issue
in another court.  <u>See, e.g.,</u> <u>Friends for All Children</u>, 717 F.2d
at 607.

- 9 -

Hillandale house and entitlement to rent payments from it.  Both parties reside in Spain and are already subject to compulsory process in the Spanish Court, giving the Spanish forum the greatest ease of access to key proof.  There is no evidence to suggest that the agents of the Kingdom of Spain would not be accessible in a Spanish forum.  There would be considerable expense and burden involved in having Huertas and Alepuz both traveling to and from the United States for pretrial and trial proceedings here.  Huertas's choice of this forum is entitled to less than usual deference since this is not her home forum.
Reyno, 454 U.S. at 255-56.

       C.   Public factors

     Alepuz contends that the public factors favor dismissal because permitting the case to proceed would allow Huertas to violate the "'familiar rule that one cause of action cannot be split up and sued upon in several suits'" and that Spanish law might govern aspects of the case forcing this court to apply Spanish law.  (Alepuz's Mot. to Dismiss for Forum Non Conveniens at 11-12 (quoting Wardman-Justice Motors, Inc. v. Petrie, 39 F.2d 512, 515 (D.C. Cir. 1930)).)  Huertas argues that the Spanish court will have a difficult time applying the relevant law of the District of Columbia.  (Huertas's Opp'n to Alepuz's Mot. to Dismiss for Forum Non Conveniens at 3.)

- 10 -

The public factors here firmly favor dismissal of the claims
against Alepuz.  The claims are, at base, a bi-product of a
domestic relations dispute between two foreign nationals residing
abroad, whose divorce proceedings are already pending abroad, and
who have no stated intention to return here.  While District of
Columbia law would likely determine to whom title to the
Hillandale house passed at the time of sale and whether any fraud
diverted rent payments, nothing in the record suggests that those
historical facts will ultimately bind the Spanish Court in
deciding how to divide up the marital assets in any event.  How a
foreign court ultimately chooses to distribute their marital
assets, including two -- a house and a debt -- with a situs in
this forum, is of minimal local interest.  This foreign
controversy is best cleared from the busy docket here.

Because Spain is an adequate alternative forum and the
relevant public and private factors favor dismissal, Huertas's
claims against Alepuz will be dismissed for forum non conveniens.

II.  CLAIM AGAINST THE KINGDOM OF SPAIN

Although the Kingdom of Spain did not move for dismissal for
forum non conveniens, the magistrate judge concluded that
dismissal of Huertas's claim against the Kingdom of Spain for
unpaid rent would be appropriate because the claim is
"encompassed within and inseparable from" Huertas's other claims.
(R&R at 11 n.10.)  In the alternative, the magistrate judge

recommended that the proceedings on this claim be stayed until Huertas's claims against Alepuz are resolved.

The Kingdom of Spain has acknowledged its payment obligation, but simply asks that it not be caught in the middle of competing claimants.  Spain agrees that this action against it should be stayed until the Spanish courts designate to whom the back rent asset will be distributed.  (Kingdom of Spain's Resp. to Huertas's Obj'n at 1-2.)  That request is eminently reasonable and ultimately the most efficient manner in which to proceed. Because the distribution of the marital assets must be determined before this claim for back rent can be resolved, the magistrate judge's recommendation will be adopted, and the claim against the Kingdom of Spain will be stayed until the Spanish Court resolves the dispute over the marital assets.

<u>CONCLUSION</u>

Because Spain is a more appropriate forum for this dispute, the magistrate judge's Report and Recommendation will adopted and Alepuz's motion to dismiss for forum non conveniens will be granted.  Huertas's claim against the Kingdom of Spain will be stayed pending a decision by the Spanish Court on the distribution of the marital assets.  An appropriate Order accompanies this Memorandum Opinion.

- 12 -

SIGNED this 27th day of March, 2006.

<u>          /s/               </u>
RICHARD W. ROBERTS
United States District Judge